USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 15 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

EDWIN HENRIQUEZ,

        Defendant.

- - - - - - - - - - - - - - - - x

SUPERSEDING
INFORMATION

S3 11 Cr. 755 (JFK)

## COUNT ONE

(Hobbs Act Conspiracy)

The United States Attorney charges:

1.  From at least in or about December 2008 up through and including in or about June 2011, in the Southern District of New York and elsewhere, EDWIN HENRIQUEZ, the defendant, and others, known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HENRIQUEZ, and others known and unknown, agreed to commit armed robberies of certain individuals they believed to be engaged in narcotics trafficking and other businesses that engage in interstate and foreign commerce.

(Title 18, United States Code, Section 1951.)

COUNT TWO

(Kidnapping Conspiracy)

The United States Attorney further charges:

2. From at least in or about December 2008 up through and including in or about June 2011, in the Southern District of New York and elsewhere, EDWIN HENRIQUEZ, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1201.

3. It was a part and an object of the conspiracy that EDWIN HENRIQUEZ, the defendant, and others known and unknown, did seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, in violation of Title 18, United States Code, Section 1201.

Overt Acts

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about May 2011, EDWIN HENRIQUEZ, the defendant, and others known and unknown, met in New York, New York, to plan the kidnapping of an individual ("Victim-1").

b. On or about May 15, 2011, HENRIQUEZ, the defendant, and others known and unknown, kidnapped Victim-1 and used cellular telephones to place ransom calls.

(Title 18, United States Code, Section 1201.)

### COUNT THREE

(Use of Firearms in Furtherance of Count One)

The United States Attorney further charges:

5. From at least in or about December 2008 up through and including in or about June 2011, in the Southern District of New York and elsewhere, EDWIN HENRIQUEZ, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery offense charged in Count One of this Information, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii) and 2.)

### COUNT FOUR

(Use of Firearms in Furtherance of Count Two)

The United States Attorney further charges:

6. From at least in or about December 2008 up through and including in or about June 2011, in the Southern District of New York and elsewhere, EDWIN HENRIQUEZ, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the

kidnapping offense charged in Count Two of this Information, knowingly did use and carry firearms, and, in furtherance of either such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i) and 2.)

## COUNT FIVE

(Hobbs Act Robbery)

The United States Attorney further charges:

7.  In or about 2009, in the Southern District of New York, EDWIN HENRIQUEZ, the defendant, and others known and unknown, unlawfuly and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HENRIQUEZ, and other individuals not named as defendants herein robbed an individual believed to be in possession of narcotics proceeds in the vicinity of Pelham Parkway, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIX

(Hobbs Act Robbery)

The United States Attorney further charges:

8.  On or about May 15, 2011, in the Southern District of New York, EDWIN HENRIQUEZ, the defendant, and others known and

4

unknown, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HENRIQUEZ, and other individuals not named as defendants herein, robbed an individual believed to be in possession of business proceeds in Queens, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SEVEN

(Kidnapping)

The United States Attorney further charges:

9.  On or about May 15, 2011, in the Southern District of New York, EDWIN HENRIQUEZ, the defendant, and others known and unknown, willfully and knowingly did seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, to wit, HENRIQUEZ, and other individuals not named as defendants herein, kidnapped an individual believed to be in possession of business proceeds in Queens, New York.

(Title 18, United States Code, Sections 1201 and 2.)

## COUNT EIGHT

(Narcotics Conspiracy)

The United States Attorney further charges:

10. From at least in or about 2008 up to and including in or about June 2011, in the Southern District of New York and elsewhere, EDWIN HENRIQUEZ, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

11. It was a part and an object of the conspiracy that EDWIN HENRIQUEZ, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

12. The controlled substances involved in the offense were: (i) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, (ii) one kilogram and more of mixtures and substances containing a detectable amount of heroin, all in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A); and (iii) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE, TWO, FIVE, SIX, SEVEN and EIGHT

13. As a result of committing one or more of the offenses alleged in Counts One, Two, Five, Six, Seven and Eight, EDWIN HENRIQUEZ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21 United States Code, Section 853, and Title 28, United States Code, Section 2461, any property, real and personal, which constitutes or is derived from proceeds traceable to the commission of one or more of the offenses alleged in Counts One, Two, Five, Six, Seven and Eight of this Information.

### Substitute Assets Provision

14. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981, Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)

*/s/ Preet Bharara*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

EDWIN HENRIQUEZ,

Defendant.

SUPERSEDING
INFORMATION

S3 11 Cr. 755 (JFK)

(Title 18, United States Code, Sections
1951, 1201, 924(c) and 981, Title 21,
United States Code, Sections 846, 853,
and
Title 28, United States Code,
Section 2461.)

PREET BHARARA
United States Attorney.

10-15-12 (we): Filed 3rd Superseding Information & Waiver of Indictment.
— Keenan, J.